UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

June 24, 2021

LETTER TO COUNSEL:

      RE:    *Brian H. v. Andrew M. Saul, Commissioner of Social Security*
              Civil No. TJS-20-1174

Dear Counsel:

On May 8, 2020, Plaintiff Brian H. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 15. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

Brian H. protectively filed his applications for DIB and SSI on December 5, 2016. Tr. 29. He alleged a disability onset date of April 1, 2013, which he later amended to July 29, 2016. *Id.* His applications were denied initially and upon reconsideration. *Id.* He requested a hearing and thereafter appeared before an Administrative Law Judge ("ALJ") for a hearing on November 14, 2018. *Id.* In a written decision dated January 30, 2019, the ALJ found that Brian H. was not disabled under the Social Security Act. Tr. 29-47. Brian H. now seeks review of the ALJ's decision.

The ALJ evaluated Brian H.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Brian H. has not engaged in substantial gainful activity since April 1, 2013. Tr. 31. At step two, the ALJ found that Brian H. suffers from the following severe impairments: obesity, status post titanium rod in back, chronic asthma, severe obstructive ventilator defect, obstructive sleep apnea, bipolar disorder, major depressive disorder, anxiety, and alcohol abuse. *Id.* At step three, the ALJ found Brian H.'s impairments, separately and in combination, failed to meet or equal in severity any

---

[1] This case was originally assigned to Judge Deborah L. Boardman. On March 23, 2021, it was reassigned to me.

listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 33-36. The ALJ determined that Brian H. retains the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally climb ramps, stairs, ladders, ropes, and scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can have occasional exposure to extreme cold, extreme heat, and wetness or humidity. The claimant can have occasional exposure to irritants such as fumes, odors, dusts, gases, poorly ventilated areas, and chemicals. He can perform simple, routine, and repetitive tasks in a work environment free of [f]ast paced production requirements and involving simple, work-related decisions with few, if any, workplace changes. He can perform work involving only occasionally interaction with the public, coworkers, and supervisors.

Tr. 36.

At step four, the ALJ determined that Brian H. is unable to perform any past relevant work. Tr. 45. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Brian H. can perform, including marker, mail clerk (non-postal), and router. Tr. 46. Accordingly, the ALJ found that Brian H. was not disabled under the Social Security Act. Tr. 46-47.

Brian H.'s sole argument in this appeal is that the ALJ erred by using an undefined term ("fast paced production requirements") in the hypothetical to the VE and in the RFC determination. After a careful review of the ALJ's opinion and the evidence in the record, I agree with Brian H. that the ALJ's reliance on a hypothetical and an RFC that limited the claimant to performing work "free of fast paced production requirements" runs afoul of the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019) (holding that an ALJ's description of work "requiring a production rate or demand pace" failed to give the court "enough information to understand what those terms mean," making it impossible for the court to consider whether the RFC that incorporated those terms was supported by substantial evidence).

In this case, the ALJ committed the same error as in *Thomas*. The ALJ's hypothetical and RFC determination limited Brian H. to "simple, routine, and repetitive tasks in a work environment free of [f]ast paced production requirements." Tr. 36. The ALJ does not define the term "fast paced production requirements" and the Court is uncertain what the ALJ meant by this term. This "makes it difficult, if not impossible," for the Court to determine whether the ALJ's decision is supported by substantial evidence. *Thomas*, 916 F.3d at 312 (4th Cir. 2019); *see also Steven S. v. Commissioner*, No. DLB-19-1055, ECF No. 18 (D. Md. Apr. 21, 2020) (remanding for further explanation where ALJ's RFC determination precluded claimant from performing "production pace work" because that term was not defined and distinguishing other cases where similar terms had been defined or sufficiently explained to allow for review).

I reject the Commissioner's arguments that the claimant and VE must have understood what the ALJ meant by "fast paced production requirements" because there was no objection or request for clarification. *Id.* at *3 ("The Court cannot decisively say that, had the ALJ defined or

2

explained the term 'production pace work,' the VE would have identified the same, or any, positions that the hypothetical person could perform."); *see also Brenda C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3234, 2019 WL 4017024, at *2 (D. Md. Aug. 26, 2019) ("[G]iven the Fourth Circuit's discussion of the phrases 'production rate' or 'demand pace' in *Thomas*, 916 F.3d at 312, this Court cannot adequately say whether the ALJ's inclusion of the phrase 'not at a production pace' in Plaintiff's RFC limitation was harmless."); *Geneva W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) ("[W]hile the VE's testimony does not evince any confusion about the terms of the hypothetical, the Court has an independent duty to determine if the ALJ supported her findings with substantial evidence.").

I also reject the Commissioner's argument that the error is harmless. As Judge Boardman explained under similar circumstances in *Taishika C. v. Saul*, No. DLB-19-1994, 2020 WL 2994487, at *4 (D. Md. June 4, 2020), this Court "cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms 'fast pace or strict production requirements.'" The ALJ did not define the meaning of the term "fast paced production requirements," and the term is "not common enough" for the Court to know what it means without elaboration. *Thomas*, 916 F.3d at 312. As such, the Court cannot decisively say that, had the ALJ defined or explained the term "fast paced production requirements," the VE would have identified the same, or any, positions that the hypothetical person could perform. *Geneva W.*, 2019 WL 3254533, at *3; *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.") (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Remand is required so that the ALJ may provide an explanation that complies with *Thomas*. Accordingly, both parties' motions for summary judgment (ECF Nos. 14 & 15) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge